DECISION AND JOURNAL ENTRY.
{¶ 1} Appellant, Julie M. Sowul, appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, which found her in contempt and ordered her to pay costs and reasonable attorney fees of Appellee, Robert J. Baker. We affirm.
 {¶ 2} On September 17, 2002, Appellee filed a series of documents in the Court of Common Pleas in Medina County. They included a motion for modification of child support and visitation, and a motion to show cause as to why Appellant should not be held in contempt for failure to abide by the court's visitation order.
 {¶ 3} A hearing was held before a magistrate and a decision was issued whereby Appellant was found in contempt. Court costs and attorney fees were also assessed to Appellant. Thereafter, Appellant filed objections. Upon conducting a hearing, the trial court overruled Appellant's objections, adopted the magistrate's decision, and entered its own order. Appellant timely appealed raising two assignments of error which have been consolidated to facilitate review.
 ASSIGNMENT OF ERROR I
"The court erred as a matter of law."
 ASSIGNMENT OF ERROR II
"The court abused its discretion."
 {¶ 4} In her first assignment of error, Appellant apparently argues that the trial court erred in holding her in contempt of court. In her second assignment of error, Appellant contends that the court abused its discretion when awarding Appellee costs and attorney's fees. Appellant's assignments of error lack merit.
 {¶ 5} This court notes that Appellant has failed to cite any applicable statutory or case law in support of her assignments of error. See In re Spence (Mar. 28, 2001), 9th Dist. No. 99CA007522, at 12 (declining to address the appellant's assigned error as he failed to cite law applicable to the alleged error). As such, Appellant has failed to provide citations to authorities supporting her assignments of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6). See Tallmadge v. Cover, 9th Dist. No. 21492, 2003-Ohio-3786, at ¶ 4. This court has repeatedly stated that an appellant bears the burden of affirmatively demonstrating error on appeal. See Tallmadge at ¶ 4; Angle v.Western Reserve Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at 4. Moreover, "[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone
(May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 18. Accordingly, Appellant's first and second assignments of error are overruled.
 {¶ 6} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the, County of, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD and BATCHELDER, JJ., concur.